CIVIL ACTION No:

P. 1

IN THE UNITED STATES DISTRICT
COURT FOR MIDDLE DISTRICT OF
TENNESSEE, NASHVILLE DIVISION

RECEIVED

APR 1 8 2023

U.S. District Court
Middle District of TN

ANGELAS WASHINGTON
Plaintiff

V.

THE STATE OF TENNESSEE
Metropolitan Government
Bledsoe County Correctional Complex
Centurion Health Service
Dr. Becky
Dr. Kendra
Nurse Rianna

Defendants

COMPLAINT FOR VIOLATION
OF THE
CIVIL RIGHTS
UNDER
42 U.S.C. § 1983

P.1

1.) COMES NOW the Petitioner "ANGELOS WASHINGTON," Further Known as the "Plaintiff." Pursuant to the laws of the STATE OF TENNESSEE, Bledsoe County Correctional Complex is a Tennessee state Prison and Centurion Health Service is a medical company and is where these incidents occured that is located in Pikeville, Tennessee, Bledsoe County, in which is a division of the defendant Metro Government. Therefore since Bledsoe County Correction Complexs and Centurion Health Services is a division of such an department itself and its employees also Refer to "Defendant Metropolitan Government." All the defendants may be served through its agent for service of process: SAUL SOLOMON, the director of LAW at the Metropolitan Court House, 1 Public SQUARE, Suite 108, NASHVILLE Tennessee, 37219.

2.) Based upon the information and "FACTS" stated herein, The defendants DR. Becky and DR. Kendra—who is an certified Doctor in the State of Tennessee, and NURSE Rianna—who is an certified Registered nurse in the state of tennessee, During the whole time and

of the violations, Both Dr Becky, Dr. Kendra, and nurse Rianna was considered on duty and are hereby sued in their compacity as employees of Centurion Health Service in which are part (by Contract) of Metropolitan Government in which constitutes them Both as an Affiliated employee of the defendant, "Metro Government." The defendants Dr. Becky, Dr. Kendra, and nurse Rianna may be served at Centurion Health Service Office, 53 Century Blvd. suite 210. Nashville, TN. 37214. Defendant Metropolitan Government may be served at 600 Dr. Martin L. King Jr. Blvd. Nashville, TN. 37243. Defendant Bledsoe County Correction Complex may be served at (WARDen Shawn Philips) 1045 Horsehead Rd. Pikeville, TN. 37367.

3.) This is a lawsuit claim for violations of the "CIVIL RIGHTS" laws of the United States and Jurisdiction of this court is therefore invoked persuant to 28 U.S.C. Section 1343(a), 42 U.S.C. SECTION 1983, and 20 USC. SECTION 1681(a). As an result of the actions of the Defendants, the "Plaintiff" has suffered serious emotional and physical injurys. and pain in which could have led even up

to the Plaintiff's death, due to the nature
of the cause of incidents that occured
and civil RIGHTS violations for which
Relief should be "GRANTED". At the time
of some of these violations, intentional and
wrongful acts, the Plaintiff was incarcerated
and in custody of the State of Tennessee,
Bledsoe County Correctional Complex. The Plaintiff
was in Bledsoe County When the wrongful acts
occured against him. The Actions and omissions
and the Resulting claims asserted in this
complaint by the Plaintiff against the defendants
occured int the state of Tennessee and in
this District. Venue is thus properly asserted
in this Court Pursuant to 28 USC SECTION 139(B).

4.) The incidents and actions which are the
substance of the lawsuit occured and were
conducted by employee's of Centurion Health
Service in which by contract was an
Affiliate of Bledsoe County Correction Complex
and the Metropolitan Government of Tennessee,
and were under the directions and on
behalf of Defendant "Tennessee Metropolitan
government" of Pikeville and Bledsoe County,
A Municipal Copperation). Upon information
and facts, at the time the actions are

described herein occured, Centurion Health Service and Bledsoe County Correctional Complex was a division of and an department controlled by an contract under the defendant, Metropolitan Goverament. Dr. Becky, Dr. Kendra and nurse Rianna at the time were agents or employees of Centurion Health service, in which were by contract affiliated with the defendant Metropolitan Government, and were acting under the "color of state law" and in the course and scope of their employment. Thus any wrongful acts or negligence of such employees, agents or represenetives, including affiliated with the metropolitan Goverment, in which includes Centurion Health Service and under contract is attributable by Respondeat Superior, agency, and/or Vicarious liability to impute liability to the defendants, Metropolitan Government, Health Service, Centurion, Dr. Becky, Dr. Kendra, and nurse Rianna.

5.) In the year of 2001, the Plaintiff Mr. "Angelos Washington" fell victim to an gunshot wound that left plaintiff paralyzed from the waist down. Plaintiff was told that he would Remain in a wheelchair for the Rest of his

P.5

life. In January of 2018, plaintiff developed an stage 4 ulcer/bedsore on plaintiff Right butcheek. In December of 2018, plaintiff had to have an surgery to debrivment the plaintiff bedsore because of an infection that developed on the plaintiff bedsore. In September of 2019, the plaintiff was arrested and tooken into custody at the shelby County jail, in memphis Tennessee. On febuary 28, 2021, plaintiff was set to go to trail for 1st degree murder and 1st degree Attemped murder on January 21, 2022. On January 21, 2022 plaintiff was tricked by his attorney into pleading guilty to 2nd degree and 1st degree Attemped murder, and was sentenced to 30 years at 100% percentage, in prison at Tennessee Departmant of Corrections (TDOC). On March 3, 2022, plaintiff was tranfered to Bledsoe County Correctional Complex, located in pikeville tennessee, Bledsoe County, to start his extremely long prison sentence. On March 21, 2022, plaintiff had a Dr. visit with Dr. Kendra for new inmate arrival evaluation. During the visit, Dr. Kendra asked plaintiff did he have any questions, and plaintiff spoke up about his bedsore. Plaintiff asked Dr. Kendra could

she order his Gabepitn 600 mg thats specifically treats his nerve disease called neouropthy. DR. Kendra tells plaintiff that he would be fine taking tylenol and Ibupeofen and that she would have to discontinue his Gabepitin 600mg, which is "malpratice" because plaintiff has chronic and severe nerve damage to the spine cord, which causes the plaintiff great pain and discomfort from the plaintiff waist down. Plaintiff also let DR. Kendra know that he has only one Kidney and has an chronic liver disease, which plaintiff thens explained the Reason he could not take tylenol and Ibupeofen was because plaintiff liver DR. in Memphis Tennessee informed him that he could not take tylenol because of his liver disease, that taking tylenol could be life threatening, as plaintiff liver could failed and shutdown and plaintiff could die.

(6.) Plaintiff also told DR. Kendra that he could not take Ibupeofen because of his Kidney and liver disease, as he could also have a Kidney failure and die. Plaintiff was also taking the Gabepitin 600mg while at Shelby County Jail in memphis Tennessee. (Policy states that if inmates arived from the county jails in the

state of tennessee, already taking prescription
medication, for an medical condition and/or
chronic disease, once arrived at Bledsoe county
correctional complex, inmates/patients are still
entitled to be prescribed that specific and
helpful medication). Dr. Kendra still denied plaintiff
Gabefitin 600mg in which causes plaintiff alot of
mental and emotional destress, from the
pain. That is clearly an performance of "malpractice."

7.) Plaintiff also asked Dr. Kendra to order a
special mattress for him because of the
bedsore that plaintiff has on his Right butcheek,
and that the hard surface of the prison
cell bed, and 3 inch thin cell mattress was
causing the plaintiff bedsore on his Right
butcheek to breakdown, and get infected,
caused by laying on the hard surface of
the mattress, in which is causing the blood
flow, to his bedsore to stop circulating,
which thens stops the healing process of
the wound, which then gets worse. Dr. Kendra
denied plaintiff of such ligit Request, which
is also "malpratice," and "lack of medical attention."

8.) On August 16, 2022, Plaintiff was
transferred to Vanderbilt hospital

to an DR.'s appointment to visit with
DR. Mark Lafrati at Vanderbilt Orthopedic
office, in nashville Tenn.DR. Lafrati told plaintiff
he would need a sergery on his bedsore
wound if it gets infected, to cut out
the dead tissue thats infectionous. DR.
Lafrati also told plaintiff that he would
need an air mattress set up in his cell
or in the medical infiemary, to prevent
plaintiff bedsore from getting worse and
to help keep flow of blood curcurlation
in plaintiff wound. DR. Lafrati emailed an DR's
note to DR. Becky at Bledsoe County Correction
Complex to Request that she order an
air mattress for the plaintiff so the
plaintiff bedsore would keep the healing
process going. DR. Lafrati also noted in his
emailed to DR. Becky that plaintiff would need
to be put on an high protein diet to keep
much protein in plaintiff blood to help with
the healing process of plaintiff bedsore.

9.) On August 22, 2022, plaintiff arrived back
at Bledsoe County Correctional Complex.(Policy
states that after inmates return from any outside
DR's appointment, inmates must be seen by
an provider within 3 days upon return.)

p.9

On September 22, 2022, plaintiff was finally seen, (since his return from outside Dr. appointment) by Dr. Becky. Dr. Becky told plaintiff that in order for her to order an air mattress she would have to get it approved by the warden of treatment, Brad Coble, and the Health Service Administrator, Katey Campbell, and then Request that plaintiff be moved to the infirmary located in the medical clinic, because that's the only place that an air mattress can be set up at. Dr. Becky also told plaintiff it would take about 2 weeks for her to order his protein drink for his high protein diet and get his air mattress approved. Plaintiff did not get his first glucerna protein supplement until January of 2023. (5 months after the request by Dr. Lafrati was made)

10.) On 3-5-23, nurse Rianna approach my cell door with my protein drink in a urine specimen container. Plaintiff asked nurse Rianna why do she have his protein drink in an urine container that's used for holding pee/urine as an sample, nurse then tells plaintiff that she had nothing else to put it in. That is medical malpractice.

Plaintiff also asked nurse Rianna for an ABD Pad and Island Dressing, so plaintiff Washington could change his dressing on his bedsore to keep his wound/bedsore from getting an infection, and Rianna denied plaintiff such Request. Plaintiff put in sick call request to get back on woundcare list, because plaintiff woundcare order had exspired.

11.) On March 16, 2023, seven months after plaintiff Request for air mattress for bedsore was noted by Dr. Mark Lafrati of Vanderbilt orthopedic office, plaintiff still doesn't have a air mattress for bedsore or any kind of special soft cushon mattress to Relieve the pressure from plaintiff bedsore wound, in which keeps the blood flow going in the wound, so plaintiff bedsore wound can keep healing and not get infected. Plaintiff had visit with Dr. Kendra also on 3-16-2023, and Dr. Kendra told plaintiff that his Request for an air mattress had been denied by Katey Campbell and Brad Coble and that I could do my woundcare myself, in my cell. (which is very unsanitary) Dr. Kendra did not even order plaintiff Washington woundcare treatment, which in fact leaves the Plaintiff with no way to clean his wound and with nothing to

Cover his wound with. Plaintiff went without wound care treatment for seven days and got infected.

12.) On March 23, 2023, plaintiff Washington had visit with DR. Becky and was told by DR. Becky, during examination of his wound/bedsore, that the plaintiff had an bad infection on his bedsore, and that he had osteomilidis, which is an infection on the bone of plaintiff butcheek, where plaintiff bedsore is located. DR. Becky told plaintiff that he would need surgery to amputate/cut off the Right butcheek bone to stop the infection from spreading to his hip and areas thats connected to the bone thats located in the other parts of Plaintiffs body, which then could override the plaintiff's whole body, as he could die. DR. Becky also told plaintiff that he was to keep wound clean, and he could do his own woundcare treatment on himself, and to just asked the nurse's for woundcare supplys. (Medical Neglect) DR. Becky also told plaintiff that he has a bladder infection also. DR. Becky also told plaintiff that she was not going to order any more catheter tubes (in which cause the bladder infection in the first place) DR. Becky ordered antibiotics for only "5 days" which is not enough. This is clearly medical Malpractice.

13.) On March 17, 2023, plaintiff was called to the core clinic to see nurse Rianna. plaintiff was asked by nurse Rianna, did he need anything and plaintiff told nurse Rianna that he needed his woundcare supplys, and nurse Rianna told plaintiff "No", because he did'nt have a Dr. order for woundcare anymore. Plaintiff also asked nurse Rianna for more new cathetees, to prevent any further infections, and plaintiff was denied things that he medically needs. This clearly shows an lack of medical attention and shows negligence upon Dr. Kendra, Dr. Becky, and nurse Rianna, and Centurion Health Service, and by doing so violates the plaintiffs 8th Amendment Constitutional Right of the United States; To be free from cruel and unusual punishment. IN which is one of the Reasons for the grounds of this suit.

14.) On March 18, 2023, the plaintiff submitted a grievance upon these matters due to the seriousness of the matters at hand. This was an appeal due to the grievance plaintiff submitted prior to this day, over such matters. As of today April 8, 2023, plaintiff still has to send grievances in about the same matters, and nothing has not change or gotten better.

p.13

Plaintiff still has an infection that is worse by the day and continuing to spread all over plaintiff body. The grievance procedure system has not brought any actions to these matters. Then by such of an act, it falls under the "P.L.R.A." Requirements to the proper Administrative Exhaustion, in which the plaintiff complied with the procedural Rules of Bledsoe County Correctional Complex and the P.L.R.A. act woodford v. Ngo, 548 U.S. 81, 90-93 (2006) and P.L.R.A. section 1997 e (a). By doing such, it validates grounds for to post suit in this court.

15.) On April 6, 2023, plaintiff was called to the medical clinic in 21 Bldg. to see DR. Becky. Plaintiff explained to DR. Becky that he needs to see a E.R. DR. at a higher level of care medical facility, because he was feeling Real sick from the infections he has and that he was hurting Really bad and having lots of pain on his butcheek bone from the Osteomilidis infection also. DR. Becky denied plaintiff Right to proper medical care and told plaintiff that he would be alRight and told him, Just drink plenty of water. Plaintiff filed a grievance.

16.) Due to the nature at hand, it constitutes a medical emergency, in by which the plaintiff has all the Rights to the proper care of even transportation to a certified medical facility in which is an hospital. by ignoring such factors, it violates the plaintiffs 8th as well as 14th United States Constitutional Rights as well as the plaintiff envokes Article I section 35 #2 of the tennessee Constitution to be free from intimidation, harrasment, and "Abuse" from the and throughout the Tennessee Prison system. By such acts it also violates the 13th Amendment of the Tennessee Constitution, to be free from Rigor "Harshness" and severity causing distress and especially physical discomfort and pain which is also hard to endure and falls also under serious depression.

17.) Due to such negligence, it evokes the plaintiffs civil Rights. The emotional and physical injurys suffered to the plaintiff occured because of the actions of these employees or agents of the Metropolitan Government, while the plaintiff is still in custody.

Such actions by the defendants operated
to violate the plaintiffs Right to be subjec-
ted to cruel and unusual punishment as
secured to him under the 8th Amendment
of the United States Constitution of America.
It violated plaintiff Washingtons Right to not
be deprived of life, liberty, or property
without due process of law under the 5th
amendment as incorperated by the 14th
amendment of the United States Constitution.
A person and/or employee thats Affiliated
with the Metro Government should have
known that these Rights were clearly
established at the time the wrongful
conduct occured, and all of such conduct
violated the plaintiffs Rights.

18.) The defendants operated to violate plaintiff
Washingtons civil Rights as protected by
the civil Rights act of 1871, 42. U.S.C. 1983.
The conduct of the defendants in this
matter was intentional, Reckless, deliberate,
wanton, sadistic, and/or malicious and was
indicative of their total, deliberate, and
Reckless, disregaurd of an indifference to
the plaintiffs life, and mental health, causing
him unnecessary emotional pain and suffering

and the deprivation of his Constitutional
Rights. All the defendants acted under the
color of state law. Defendants Metropolitan
Government, Bledsoe County Correctional Complex,
Centurion Health Service, and there employees
Knew, or should have Known of the serious
nature of the Matters at hand and had direct
Knowledge of the plaintiffs disability and
medical Records. Such injurys and need for
treatment were evidenced by the Repeated
complaints by the plaintiff.

19.) The severity of this injury and pain
endured constituted a serious medical need.
If plaintiff Washington had not been in custody
he would have Voluntarily been able to seek
his own medical needs. Officials and employees
of the defendants acted with deliberate
indifference of defendant - Metro Government,
to allow further medical treatment and
appropriate care for the plaintiff medical
needs, which constitutes a further violation
of the plaintiffs civil Rights. Bledsoe County
Correctional Complex policy states that if,
and when an inmate is qualified, and meets the
Requirements it takes to be eligible, after
he is classified, to be eligible for transfer

to another housing facility, then after,
and once classified, inmates ready for
transfer must be transfered to another facility
before a 30 day period is up.(Only if inmates is not
housed there permanently.) Plaintiff arrived at
Bledsoe County Correctional Complex on 3-4-22,
and on 3-28-22, plaintiff was eligible, and ready
for transfer to his permanent housed facility.
Because of title 42-1983, discrimination Reason,
Plaintiff (after one year), still Remains housed at
Bledsoe County Correctional Complex. Plaintiff was
told by Warden Shawn Phillips, that all because
plaintiff is wheelchair bound, and has to
use a wheelchair because of plaintiff dis-
ability, he can not be transfered or Rehoused
to another facility because there is no Room for
his wheelchair. This violates the plaintiff 15th
Amendment U.S. Constitutional Rights; The Right
to not be discriminated against because of
Race, sex, color, and/or physical disabilitys.

20.) Wherefore, the plaintiff prays for Relief
    as follows:

    1. For a trail to decide this cause, and
       to be awarded $14,000∞ for compensation
       of the color of state law.

2. For an award of the amount to be an fair, just, and adequate amount to be decided by the courts after hearing all of the evidence at trail. Tennessee law provides that a plaintiff is entitled to recieve a juey award in access of the amount prayed for in the complaint, and out of an abundance of caution, plaintiff prays that he be awarded compensational damages in the amount of $350,000 and punitive damages for pain and suffering in the amount of $250,000. For discrimination and acting under the color of state law, the plaintiff prays for the award in the amount of $30,000, for the unlawful actions of the defendants and the violations of plaintiff civil Rights, as the actions of the defendants empbyees was reckless, intentional, and careless. Persuant to 42 U.S.C. section 1983, 1988, plaintiff seeks to have granted, forma pau per sis, for court cost to filing.

3. For proper process to claim and for all the defendants including Dr. Becky, Dr. Kendra, nurse Rianna, and Bledsoe County Correctional Complex Warden of treatment Brad Coble, be served with a true and accurate copy of this complaint, and that it be required to

p. 19.

answer, the same time limits, within the
time prescribed by law.

4. To be transferred to the Supreme Court of
Tennessee, for any upcoming court dates, or
hearings, as required by law, and an award
of upcoming or arising attorney fees and cost
as to those causes of action brought persuant
to 42 U.S.C. Section 1983.

5. For all other general and/or specific Relief
as the Honorable court Deems the plaintiff
to be entitled to.

I hereby certify under penalty of perjury
that the above complaint is true to the best
of my knowledge and belief. Respectfully Submitted,

_Angelos Washington_
Angelos Washington

Carla Yvonne Deweese
Notary
Carla Yvonne Deweese

My Commisson expires 4-26-2026

4-10-23
Signed on this date

#276773
Angelos Washington
1045 Horsehead Rd.
Pikeville, TN. 37367

Angelas Washington #216115
1045 Horsehead Rd.
Pikeville, TN. 37367

Chattanooga TN 374
WED 12 APR 2023 AM

RECEIVED
APR 18 2023
U.S. District Court
Middle District of TN

The Supreme Cou
of Tennessee
801 Broadway St.
Nashville, TN. 37203